IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT HAWKINS and CORTNI HAWKINS,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; JIM SHORTRIDGE AGENCY; and JAMES SHORTRIDGE, JR.,<br><br>    Defendants. | Case No. CIV-25-849-D<br><br>(Remanded to Cleveland County District Court, Case No. CJ-2025-1110) |

## ORDER

Before the Court is Plaintiffs' Motion to Remand to State Court [Doc. No. 16]. Defendant filed Defendant Allstate Vehicle and Property Insurance's Response to Plaintiffs' Motion to Remand [Doc. No. 18], to which Plaintiffs replied [Doc. No. 19]. The matter is fully briefed and at issue.

### BACKGROUND

Plaintiffs own property located in Cleveland County, Oklahoma, which was insured under an Allstate policy. Plaintiffs purchased their home in 2016. In conjunction with this purchase, Plaintiffs entered into an agreement with Scot Stephens Allstate Insurance Agency for Scot Stephens to procure an Allstate insurance policy for Plaintiffs. In 2019, Jason Braine Allstate Agency became Plaintiffs' agent, and in 2022 James Shortridge became Plaintiffs' agent. James Shortridge procured a renewal of Plaintiffs' policy.

1

The property was damaged by a storm on or about July 9, 2023. Plaintiffs filed this action in state court on July 7, 2025, alleging that Allstate wrongfully denied Plaintiffs' insurance claim for the damage. In addition to their claims against Allstate, Plaintiffs asserted claims against James Shortridge and Jim Shortridge Agency (JSA) for breach of contract, and constructive fraud and negligent misrepresentation. Plaintiffs also asserted a claim for negligent procurement against JSA.

Allstate timely removed the case to this Court on July 31, 2025. In its notice of removal, Allstate alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction [Doc. No. 1]. Although James Shortridge and JSA are non-diverse parties, Allstate contends that James Shortridge and JSA were fraudulently joined by Plaintiffs to defeat diversity jurisdiction.

On August 28, 2025, Plaintiffs filed the present motion to remand, arguing that Allstate cannot meet its "heavy burden" to show fraudulent joinder.

## STANDARD OF DECISION

Subject matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, Allstate must establish that federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden" on the party asserting fraudulent joinder, Allstate must show under the "actual fraud" prong that Plaintiffs essentially "lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the "inability to establish a cause of action" prong, Allstate must show that there is no possibility that Plaintiffs would be able to establish a cause of action against the purportedly fraudulently joined parties in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[1] (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, . . . consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P.

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## PLAINTIFFS' ALLEGATIONS

On July 9, 2023, Plaintiffs' property was damaged in a storm [Doc. No. 1-1, Pet., ¶ 52]. Plaintiffs timely filed an insurance claim for the damage. *Id.* ¶ 54. At all relevant times, Plaintiffs' property was covered by a policy with Allstate. *Id.* ¶¶ 16-20. James Shortridge facilitated the renewal of the Allstate policy for Plaintiffs. *Id.* ¶ 45.

In 2022, JSA became Plaintiffs' Allstate agent. *Id.* ¶ 20. Plaintiffs requested from JSA, through James Shortridge, insurance "coverage for their [h]ome that would fully replace their home in the event of a loss, including losses sustained from wind and hail." *Id.* ¶ 23. Specifically, Plaintiffs "requested 100% replacement cost coverage." *Id.* JSA, through James Shortridge, "specifically represented to the Plaintiffs that he would procure coverage that would fully replace the roof in the event of damage caused by a storm, minus the deductible, and that the Plaintiffs would have nothing to worry about." *Id.* ¶ 24. In procuring the policy, JSA "calculated the replacement costs of the Plaintiffs' [h]ome, taking into consideration the [h]ome's characteristics and any pre-existing damage to the [h]ome, including the roof." *Id.* ¶ 40. JSA renewed the home insurance policy "[w]ithout doing any real inspection of the nature or condition of the [h]ome." *Id.* ¶ 45.

Following Plaintiffs' submission of the insurance claim, Allstate had its National Catastrophe Team inspect Plaintiffs' roof and detached structures. *Id.* ¶ 58. Allstate prepared an estimate for the cost to repair the damage to Plaintiffs' property. *Id.* ¶ 60. Allstate estimated the replacement cost value to be $558.99 which did not meet the

deductible. *Id.* Plaintiffs then hired a third-party roofing company to conduct another inspection of their home. *Id.* ¶ 63. In conducting its inspection, the roofing company provided the Plaintiffs an estimate of $65,291.37 to repair their home. *Id.* ¶ 66. Plaintiffs provided this second estimate to Allstate who then sent another roof inspector to conduct yet another inspection. *Id.* ¶¶ 66-67. Although this inspector stated to Plaintiffs that there was damage to Plaintiffs' roof, an Allstate adjuster called Plaintiffs and told them that there was "additional damage but all the damage observed to the roof was wear and tear." *Id.* ¶ 72.

For Plaintiffs' negligent procurement claim against JSA, Plaintiffs allege that JSA "was fully aware of Defendant Allstate's use of the wear-and-tear exclusion to deny damage properly covered under the policy's wind and hail damage" and failed to disclose this to Plaintiffs. *Id.* ¶¶ 98-99. Further, Plaintiffs allege that JSA failed to tell Plaintiffs that "their [h]ome suffered from wear and tear, and instead of reducing, denying, or cancelling coverage, [JSA] kept renewing the Plaintiffs' policy, raising the value of the [h]ome, resulting in increased premiums and profits to [JSA]." *Id.* ¶ 102.

## DISCUSSION

### I.  Inability to State Cause of Action—Negligent Procurement

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶ 16, 189 P.3d 740, 744-45 (citation omitted). To that end, agents must "offer coverage mandated by law

5

and coverage for needs that are disclosed by the insureds." *Rotan v. Farmers Ins. Grp. of Cos., Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895.

Upon careful consideration of the record, the Court finds that Allstate has not met its heavy burden to show—with complete certainty—that Plaintiffs cannot state a negligent procurement claim against JSA in state court.[2] *See Oliver v. State Farm Fire & Cas. Co.*, 765 F.Supp.3d 1244, 1250-51 (W.D. Okla. 2025) (remanding case involving negligent procurement claim where the plaintiff alleged in part that "State Farm's denial was contrary to the [agents'] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *see also Ross v. State Farm Fire & Cas. Co.*, No. CIV-23-189-JD, 2024 WL 1092540, at *2-3 (W.D. Okla. Mar. 13, 2024) (remanding case involving negligent procurement claim where the insurance agent allegedly told the insured that their home was in good condition, without preexisting issues, despite State Farm later denying the insured's claim on that basis); *see also Kyger v. State Farm Fire & Cas. Co.*, 649 F.Supp.3d 1200, 1206 (W.D. Okla. 2022) (remanding negligent procurement claim where the plaintiff alleged that "she requested from [her agent] 'full replacement cost coverage for her roof' which was not procured as promised, . . . that [the agent] represented that 'there was nothing about the condition of the roof that would preclude full replacement,'" and that the agent's

---

[2] Given this determination, the Court need not address Plaintiffs' breach of contract, and constructive fraud and negligent misrepresentation claims against James Shortridge and JSA. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (citation omitted) (explaining that a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in *at least one claim* against the non-diverse defendant").

representation was "inconsistent with State Farm's denial of her claim because the hail damage '[did] not penetrate the shingle mat'").

Allstate cites to this Court's decision, *Rain Drop Found., Inc. v. State Farm Fire & Casualty Co.*, No. CIV-24-1101-D, 2025 WL 582562 (W.D. Okla. Feb. 21, 2025). In *Rain Drop*, the Court in part based its denial of remand on actual fraud in the plaintiff's allegations. Specifically, the plaintiff alleged that its agent represented that damaged shingles would be replaced in conformance with the manufacturing specifications and "further explained this was true because the [p]olicy term, 'similar construction' guaranteed replacement with identical or near identical equivalents of quality." *Id.* at *1. However, the term "similar construction" did not appear in the plaintiff's policy, "lending credence to the possibility that there [was] no good faith basis by which to allege" that the agent had represented or explained "similar construction." *Id.* at 3. In further finding that the agent could not be liable for negligent procurement of insurance, the Court distinguished *Rain Drop* from other cases in which it was alleged that 1) the insurer denied the claim in part due to pre-existing damage; and 2) the "insurance agent had allegedly underwritten the . . . polic[y] and may have, through negligence or constructive fraud, failed to communicate the consequences of the preexisting damage." *Id.* at *4.[3]

---

[3] This case is also distinguishable from the Court's recent order in *Stone v. State Farm Fire & Casualty Co.*, No. CIV-25-7-D, 2025 WL 3090772 (W.D. Okla. Aug. 20, 2025), as the Court based its denial of remand, in part, on the plaintiff's misrepresentation that State Farm failed to inspect the property in the underwriting process, when it did inspect the property. *Id.* at 6-7. Additionally, the Court based its denial of remand, in part, on the plaintiff's misrepresentation that the defendants made fraudulent representations when the policy was renewed, even though the policy was automatically renewed, and one of the

7

Rather, this case is more like the Court's decision in *Pruitt v. State Farm Fire & Casualty Co.*, No. CIV-25-43-D, 2025 WL 1030353 (W.D. Okla. Apr. 7, 2025). In *Pruitt*, the Court granted the plaintiff's motion to remand and based its determination largely on the plaintiff's assertion that State Farm's denial was in reliance on pre-existing damage and the defendant's negligent performance of his procurement duties. *Id.* at *4.

Plaintiffs contend that pre-existing damage was the basis for Allstate's policy denial and, further, that JSA was negligent in performing its procurement duties. Thus, the Court finds that this case is less analogous to *Rain Drop*, and more analogous to *Pruitt*, *Kyger*, and *Oliver*, cited above. Upon careful consideration of Plaintiffs' allegations, and construing fact issues in favor of Plaintiffs, the Court finds Allstate has failed to show with complete certainty that Plaintiffs cannot establish a negligent procurement claim against JSA in state court. Accordingly, Allstate has not met its "heavy burden" to establish fraudulent joinder.

## II. Actual Fraud in the Pleading of Jurisdictional Facts

As stated above, to show actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL 3775177, at *2 (quotation omitted). In its notice of removal, Allstate contends that Plaintiffs have engaged in fraud in the pleading of jurisdictional facts. In support, Allstate primarily argues that Plaintiffs' counsel have brought an increasing number of cases against

---

defendants was not involved in any of the relevant renewals. *Id.* at 9. Such is not the case here.

8

Allstate and other insurers based on identical underwriting failures, and that this is indicative of fraud.

As Allstate is likely aware, several judges in this district have found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent joinder. *See Norman v. State Farm Fire & Cas. Co.*, No. CIV-24-1132-R, 2025 WL 342871, at *4 (W.D. Okla. Jan. 30, 2025) ("[T]he Court is not persuaded that the similarity in the allegations or the number of cases filed by [p]laintiffs' counsel is necessarily suggestive of fraud in this action. Moreover, as [p]laintiffs note, the [p]etition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable."); *Stacy v. State Farm Fire & Cas. Co., et al.*, No. CIV-22-883-PRW, 2023 WL 11915451, at * 2 (W.D. Okla. Dec. 29, 2023) (granting remand in the face of an "apparent pattern of 'cookie-cutter' petitions"); *Rain Drop Found., Inc.*, 2025 WL 582562, at *5 ("The Court is not persuaded that the sheer quantity of similar claims alleged against insurance agents is enough to satisfy the high burden necessary to prove fraudulent joinder."); *Martin v. Allstate Vehicle and Prop., Ins. Co.*, No. CIV-23-739-SLP, 2024 WL 3510301, at *2 (W.D. Okla. July 23, 2024) ("[T]his Court, and multiple other federal district courts within the state of Oklahoma have rejected claims of fraudulent joinder on substantially similar allegations made in support of virtually identical claims for relief.").

Upon consideration, the Court finds that Allstate has not met its high burden to show actual fraud in the pleading of jurisdictional facts based on the growing number of similar allegations against Allstate and other insurers. Accordingly, the Court finds that Allstate

has insufficiently demonstrated actual fraud in the pleading of jurisdictional facts for purposes of fraudulent joinder.

## CONCLUSION

For the reasons stated herein, the Court finds that Defendant Allstate Vehicle and Property Insurance Company has not established fraudulent joinder, and this Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand to State Court [Doc. No. 16] is **GRANTED**, and the case is **REMANDED** to the District Court of Cleveland County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Cleveland County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand. Based on the remand, the Court does not decide Defendants El Elyon, Inc.'s and James Shortridge, Jr.'s Motion to Dismiss Plaintiffs' Complaint and Brief in Support [Doc. No. 15] and leaves that motion for the state court.

**IT IS SO ORDERED** this 26th day of January, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge